IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                                             No. CR 98-546 BB

STANLEY SECATERO,

        Defendant.

## MEMORANDUM OPINION ON RESTITUTION AND MOTION TO VACATE SENTENCE

THIS MATTER is before the Court on Defendant's *Objection to Restitution Order* [#59] and *Motion to Vacate Sentence* [#47], and the Court having considered the briefs of counsel and entertained repeated oral arguments, FINDS the *Objection to Restitution* has some merit and it will be Granted In Part. The *Motion to Vacate* will be Denied.

### *Background Facts*

On October 19, 1999, this Court sentenced the Defendant, Stanley Secatero, to life imprisonment. This sentence was the result of Secatero's guilty plea to, among other charges, the murder of four family members: Agnes and Eddie Secatero (his aunt

and uncle), Rose Nelson (another aunt), Lena Secatero (his grandmother); and the assault and attempted murder of Karen Sandoval (his cousin).

Defense counsel contend they first became aware that something was not right when the Court stated its intent to impose an order of restitution in the amount of $16,450.13 at the conclusion of the sentencing hearing on October 19, 1999. Prior to that time, defense counsel was generally aware of the existence of a claim for restitution because of letters written to the Court by family members. Based on Defendant's claim of a lack of notice and objections to these sources as a basis for restitution, the Court held a further hearing on November 5, 1999. At that time defense counsel objected to the restitution order based on the failure to: (1) provide notice; (2) follow procedural rules; and (3) follow statutory provisions. The Court then set December 1, 1999, as the cut-off date for all claims of restitution and stated it would set a hearing as provided in 18 U.S.C. § 3664. A fourth addendum to the claims was filed on December 21, 1999. A final hearing was held on February 11, 2000. On February 24, 2000, the witness-victim advocate faxed the parties still more restitution filings relating to amounts paid by the Indian Health Service. Final briefs were submitted on February 28, 2000.

## *Discussion*

### *History of the Act*

Beginning in 1982, Congress indicated the federal courts must routinely consider restitution. *See* Victims and Witness Protection Act of 1982, 18 U.S.C. § 3663-64 (1994). In 1996, Congress made restitution mandatory in some situations and expanded those eligible to receive it. *See* Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663-64 (1996). The MVRA, which replaced the 1982 law, followed many of its provisions but substantially altered one basic premise of restitution. Under the former law, the defendant's ability to pay was critical, while under the MVRA the court must impose restitution in the full amount of victim's losses without consideration of the economic circumstances of the defendant. 18 U.S.C. § 3664(f)(1)(A). *United States v. McIntosh*, 198 F.3d 995, 1005 (7th Cir. 2000). This change is the reason this Court must parse out the various claims in this case even though there is no reasonable likelihood Defendant's prison assignment will ever produce sufficient income to satisfy any meaningful percentage of the claims submitted.

The United States has the burden of demonstrating the loss suffered by each victim which was a result of the Defendant's conduct and any dispute over the

3

restitution amount is resolved by a preponderance of the evidence. 18 U.S.C. § 3664(c); *United States v. Diamond*, 969 F.2d 961, 965 (10th Cir. 1992).

### *Due Process*

The sentencing occurred on October 19, 1999. Defendant filed a motion to set aside the sentence on the basis Defendant had not received notice of the restitution claims prior to sentencing. The Court scheduled a hearing on November 5, 1999, and required the United States Probation Office to give Defendant notice of all restitution claims existing on December 1. The Probation Office filed additional claims on December 21. A hearing was held on February 11, 2000, at which time defense counsel said, "I think we're all assuming that the fourth addendum and those receipts form the basis of the claim for restitution now before the Court." (Tr. 8, Feb. 11, 2000). Both counsel then proceeded to argue from the claims presented in the Fourth Addendum.

Defense counsel argues the MVRA requires the Probation Office provide information on restitution sixty days prior to sentencing. 18 U.S.C. § 3664(d)(1). While this is, of course, correct, Congress also recognized there would be situations where the claims could not all be collected prior to sentencing. Indeed, § 3664 offers "a panoply of procedures pertinent to the issuance and enforcement of restitution."

*United States v. Vandeberg*, 201 F.3d 805, 813 (6th Cir. 2000) (citing *United States v. Minneman*, 143 F.3d 274, 284-85 (7th Cir. 1998), *cert. denied*, 526 U.S. 1006 (1999)). Section 3664 specifically allows the Court to set a date up to ninety days following the sentencing by which claims must be resolved. In this case, all claims were presented by December 21, less than ninety days from the October 19 sentencing. *See United States v. Grimes*, 173 F.3d 634 (7th Cir. 1999) (district court must defer 90 days to give victims opportunity to present claims). The Court will therefore address only those claims submitted up through December 21, 1999, and which were addressed by the parties.[1]

Defense counsel argued that all claims for restitution should be dismissed and the sentence vacated because Defendant's due process rights were violated in not receiving notice of all claims prior to the original sentencing. (Tr. 11-12, Feb. 11, 2000). The Court continues to reject this argument. Such pre-sentencing notice is not required by the MVRA or the Constitution as long as the Defendant is given notice of such claims and an opportunity to address them prior to the Court's final decision. *See United States*

---

[1] Section 3664(d)(5) does permit a victim an "additional 60 days if s/he discovers further losses" but no showing of such a "discovery" was submitted with the February claims and they will not be considered. *United States v. Prendergast*, 979 F.2d 1289 (8th Cir. 1992) (restitution should not be left pending for the indefinite future). The Court made it clear at the February 11 hearing that no further claims should be submitted. (Tr. 32, Feb. 11, 2000.) Moreover, neither counsel had the claims submitted on February 24, 2000, and they were not addressed in either the oral arguments or subsequent briefs.

*v. Keith*, 754 F.2d 1388 (9th Cir.), *cert. denied*, 474 U.S. 829 (1996); *United States v. Ciambrone*, 602 F. Supp. 563 (S.D.N.Y. 1984).

### *Funeral Expenses*

There is no question the MVRA allows restitution for "the cost of necessary funeral and related expenses." 18 U.S.C. § 3663A(a)(3)(B)(3). The problem in this case arises out of the fact that some of the evidence submitted on this category is confusing and potentially conflicting. Irene Martinez, a relative of all four murder victims, submitted a claim for $4,168.00 for Rose Nelson's funeral at Salazar & Sons Mortuary. Ms. Martinez submitted a similar claim for Lena Secatero's estate for $3,848.00, also for expenses to Salazar & Sons. Ms. Martinez actually ordered the goods and services at the mortuary and signed the invoices acknowledging that she would be financially responsible for these expenses. Testimony at the hearing and the receipts submitted, however, suggest that a community fund was established and numerous members of the Cañoncito community contributed toward the payment of those funerals.

Valerie Secatero, another relative, made the arrangements and assumed legal responsibility for the costs of the funerals of Eddie Secatero in the amount of $3,485.00 and Agnes Secatero in the amount of $4,220.00. Again, however, Valerie submitted

6

no personal receipts and the bills were apparently covered by community contributions including those of the Cañoncito Chapter of the Navajo Nation and the Navajo Nation Council.

Defense counsel argues that while Irene Martinez and Valerie Secatero might be fairly considered "victims," under the MVRA they cannot be reimbursed for funds they did not spend. On the other hand, Defendant maintains that those members of the community, one of whom submitted a Salazar & Sons receipt for over $2,700.00, cannot be reimbursed as they do not qualify under the MVRA as "victims." While Defendant's argument carries a certain superficial and technical logic, it is not supported by fundamental fairness or legal precedent. Defense counsel relies on *United States v. Dayea*, 73 F.3d 229 (9th Cir. 1995). In that case, the Ninth Circuit held that the widow of an officer killed by the defendant could not recover the officer's salary or the increased health insurance coverage costs resulting from his lost coverage, as these items were not covered by the statute. The critical factor here is that reasonable funeral expenses are covered by the MVRA. Moreover, while neither Irene Martinez nor Valerie Secatero paid the mortuary directly, a successor in interest can be reimbursed and restitution can also be assigned. *United States v. Haddock*, 50 F.3d 835, 841 (10th Cir. 1995); *United States v. Smith*, 944 F.2d 618 (9th Cir.), *cert. denied*, 503 U.S. 951

7

(1991); *United States v. Berman*, 21 F.3d 753 (7th Cir. 1994). Nor is there any prohibition against restitution for governmental entities which have advanced fees to the victims. *United States v. Sunrhodes*, 831 F.2d 1537 (10th Cir 1987); *United States v. Miguel*, 49 F.3d 505, 512 (9th Cir.),, *cert. denied*, 515 U.S. 1166 (1995); *United States v. Barrett*, 51 F.3d 86, 89 (7th Cir. 1995). The Court will thus direct those who sought reimbursement for necessary funeral and related expenses before December 21, 1999, be reimbursed for the amounts listed on Appendix A attached hereto. The United States Probation Office will make restitution to those claimants listed in the order in which their claims were submitted.

Defense counsel next challenges the cost of burial clothes and funeral flowers. Since the person who paid for the flowers has not sought reimbursement, the Court will not address this argument.[2] As to the funeral clothing for the deceased victims, the Court finds that is a reasonable part of the "cost of necessary funeral and related services." 18 U.S.C. § 3663A(a)(3)(B)(3).

---

[2] The Court sees no benefit in forcing restitution on persons not seeking reimbursement, especially since it is highly unlikely Defendant will satisfy any significant portion of the actual claims from any job he is assigned by the Bureau of Prisons. If the Congress intended to require restitution, even when not requested, it seems doubtful it would have provided the detailed requirements of notice to the victim and the opportunity to submit additional evidence and participate in sentencing. 18 U.S.C. § 3664(a)(2).

### *Vehicles*

In the course of Defendant's shooting rampage, a car parked at the crime scene was hit with several shots. This vehicle belonged to Irene Martinez-Weiss who claimed $163.99, supported by a receipt, for new tires to replace those Defendant shot out. Defense counsel apparently contends Ms. Martinez-Weiss is not a victim under the MVRA. The Court disagrees. A victim is "a person directly and proximately harmed as a result of the commission of an offense." 18 U.S.C. § 3663A(a)(2). The victim need not be named in the indictment, only that their harm be proximately caused by Defendant's commission of the crime. *United States v. Rutgard*, 108 F.3d 1041, *amended* 116 F.3d 1270 (9th Cir. 1997). Ms. Martinez-Weiss is such a person. The MVRA clearly provides for restitution in an amount equal to "the value of the property on the date of damage." 18 U.S.C. § 3663A(b). *See also United States v. Allison*, 599 F. Supp. 958 (N.D. Ala.), *cert. denied*, 471 U.S. (1985) (owner of automobile stolen during kidnaping entitled to restitution); *United States v. Trettenaro*, 601 F. Supp. 183 (D. Colo. 1985) (assessing restitution for windows broken by defendant's vandalism).

Ms. Sandoval's claim for restitution based on the repossession of her vehicle is somewhat more complicated. Defendant's cousin, Ms. Sandoval, drove her car up to the crime scene while Defendant was shooting her parents. When she got out of her

9

car, the Defendant shot her several times. As she crawled back to her car to escape, the Defendant's shots hit the car. Ms. Sandoval was hospitalized and unable to work for twenty days. Approximately one year later, her car was repossessed. The Government has failed to show the repossession was a proximate result of the crime. *See United States v. Diamond, supra*; *United States v. Riley*, 143 F.3d 1289 (9th Cir. 1998); *United States v. Kones*, 77 F.3d 66 (3d Cir.), *cert. denied*, 519 U.S. 864 (1996).

Finally, the Defendant challenges the lost wages claimed by Irene Martinez and Verneda Martinez.[3] Irene Martinez is the daughter of Lena Secatero, sister to Rose Nelson and Eddie Secatero, and sister-in-law of Agnes Secatero. She submitted evidence that she missed three weeks of work following the shootings and subsequent funerals. While this is again a close question, there is precedent upholding reasonable restitution for lost wages for the mother of a kidnaping victim. *United States v. Haggard*, 41 F.3d 1320 (9th Cir. 1994). Given the necessity of proximate cause, however, the Court will limit the claim to five days lost wages to include the preparation for and attendance at the funerals of her mother, brother, sister, and sister-in-law.

---

[3] Defendant does not contest the $1,008.00 in lost wages filed by Karen Sandoval and they will be awarded out of the first money remitted to the Probation Office.

Verneda Martinez was a granddaughter of Lena Secatero and niece to Rose Nelson, Eddie Secatero, and Agnes Secatero. She also missed three weeks of work. Again, it should have been "reasonably foreseeable" to the Defendant some of his relatives would have to take off work to arrange for the funerals of his victims. *See Palsgraf v. Long Island R. Co.*, 162 N.E. 99 (N.Y. 1928). Therefore, the Court finds Verneda Martinez was a victim of Defendant's violent rampage and she will also be awarded five days pay for the time she missed work while preparing for and attending the multiple funerals.

Counsel for the Government will submit an amended order consistent with this opinion to opposing counsel and the Court within twenty days.

Dated at Albuquerque this 4th day of April, 2000.

                                           **BRUCE D. BLACK**
                                           United States District Judge

Counsel for Plaintiff:
    Tara Neda, Assistant U.S. Attorney, Albuquerque, NM
Counsel for Defendant:
    Ann Steinmetz, Albuquerque, NM

**Attachment A**

| | |
|---|---:|
| Cañoncito Navajo Chapter | $ 8,000.00 |
| Navajo Nation Council | 1,400.00 |
| Bruce Wood | 1,175.69 |
| John Chavez | 4,133.31 |
| Daniel Reeves | 100.00 |
| Mary Ann John | 200.00 |
| Carmen Chavez | 100.00 |
| Rosanna Medina | 40.00 |
| Dennis Hendricks | 30.00 |
| Tony Abeyta | 200.00 |
| Socorro Ward | 200.00 |
| Florence Cook | 20.00 |