FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 14 2001

[signature]
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

v.

Civ. No. 01-552 BB/RLP
Cr. No. 98-0546 BB

STANLEY SECATERO,

Defendant/Movant.

MAGISTRATE JUDGE'S PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction, filed pursuant to 28 U.S.C. § 2255. Pursuant to a Plea Agreement [Cr. Doc. 44], Mr. Secatero pled guilty to

> Counts I, III, V, VII, IX, XI, XIII, XV, XVII and XIX of the Superseding Indictment charging violations of 18 U.S.C. § 1153; Crime on an Indian Reservation, 18 U.S.C. § 111(a): First Degree Murder; 18 U.S.C. § 113(a)(1): Assault with Intent to Commit Murder; 18 U.S.C. § 1513(a)(1)(B); Retaliation Against a Witness, Victim, or Informant; and 18 U.S.C. § 1512(a)(1)(C): Tampering with a Witness and Informant.

Plea Agreement [Cr. Doc. 44] at 2, ¶ 3.

2. In brief, Mr. Secatero killed four family members because he mistakenly believed they turned him into authorities for a prior assault charged. He also shot another

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the Proposed Findings in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed findings. If no objections are filed, no appellate review will be allowed.



female relative several times and attempted to shoot her boyfriend. The Plea Agreement, signed by Mr. Secatero and his attorneys, stated that "the parties stipulate that forty-five (45) years, 540 months, to life is the appropriate disposition of this case." Plea Agreement at 3, ¶ 5(a).

3. The sentence imposed was a life sentence. The Judgment states:

> A term of life imprisonment is imposed as to each of Counts 1, 3, 5, 7, 13, 15, 17, and 19; said terms shall run concurrently. A term of two hundred forty (240) months is imposed as to each of Counts 9 and 11; said terms shall run concurrently and concurrent to the term imposed in Counts 1, 3, 5, 7, 13, 15, 17, and 19.

*See* Judgment [Cr. Doc. 63].

4. Mr. Secatero's Motion argues that the life sentence imposed is contrary to the Plea Agreement and that he received ineffective assistance of counsel. As to his first argument, the sentence imposed is clearly as stipulated in the Plea Agreement and this ground is without merit.

5. To prevail on a claim of ineffective assistance of counsel, Mr. Secatero must show both that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 690 & 694 (1984). When the defendant pleads guilty, he must establish that but for counsel's errors he would not have pled guilty but insisted on going to trial. *United States. v. Kramer*, 168 F.3d 1196, 1200 (10th Cir. 1999).

6. Mr. Secatero's claim of ineffective assistance of counsel is premised on his contention that he never saw the discovery in the case prior to entering his plea and that

"knowing what I know now, I would have never agreed to a plea and would have instead gone to trial." Motion at 2. Unfortunately, Mr. Secatero does not state what this discovery revealed. Claims without supporting factual averments are conclusory and will not support a claim of ineffective assistance of counsel. *United States v. Ray*, 931 F.2d 64, 1991 WL 65129, ** 1 (10th Cir. 1991) (unpublished opinion) (citing *United States v. Mealy*, 851 F.2d 890, 908 (7th Cir. 1988)).

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct Sentence and Conviction, filed pursuant to 28 U.S.C. § 2255, be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge