IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.    No. CV 01-0552 JH/SCY
      CR 98-0546 JH

STANLEY SECATERO,

    Defendant.

MEMORANDUM OPINION AND ORDER FOR TRANSFER

This matter comes before the Court on Defendant's Motion to Compel Production of Documents (CR Doc. 77) filed on July 12, 2012, and his Motion for Relief from Void Judgment (CV Doc. 10; CR Doc. 79) filed on July 28, 2014. The Motion for Relief from Void Judgment (the "60(b) motion") invokes rule 60(b)(4) of the Federal Rules of Civil Procedure. Defendant asks the Court to set aside the judgment (CV Doc. 9; CR Doc. 72) entered on September 13, 2001, that dismissed his original motion under 28 U.S.C. § 2255. Having reviewed the motions, the Court will deny the motion to compel and transfer the 60(b) motion to the Court of Appeals for the Tenth Circuit.

Defendant's original § 2255 motion (CV Doc. 1; CR Doc. 64) asserted three Grounds for relief: his plea was involuntary, the sentence violated the plea agreement, and counsel provided ineffective assistance. In his 60(b) motion, he contends that, in the Magistrate Judge's Proposed Findings and Recommended Disposition (CIV Doc. 7; CR Doc. 70), "[the first] claim was vaguely mentioned by the Court. [The second] was altogether ignored. And the third was so misconstrued that it was effectively ignored." (Mot. at 6.) As a result, the Court's order and judgment of September 13, 2001 (CV Docs. 8, 9; CR Docs. 71, 72), that adopted the Magistrate

Judge's recommendation and dismissed his § 2255 motion constituted a "defect in the integrity of [his] federal habeas proceedings," *Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006), that must now be corrected in a proceeding under rule 60(b).

Defendant argues that his motion is a "true" rule 60(b) motion and not a prohibited second or successive § 2255 motion. As applicable here, the distinction is that in a § 2255 proceeding a "true" rule 60(b) motion "is a challenge to 'a defect in the integrity of the federal habeas proceeding, *provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.*' " *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (italics in *Lindsey* opinion) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006)). Examples of "true" 60(b) motions are those that raise the district court's "failure to reach the [§ 2255] merits," *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005), or failure to rule on a claim in the § 2255 motion, *cf. United States v. Espinoza*, 421 F. App'x 817, 818 (10th 2010) (ruling on a rule 59(e) motion).

On the other hand, a rule 60(b) motion constitutes a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d at 1215 (citing *Gonzalez v. Crosby*, 545 U.S. at 538). Stated otherwise, a rule 60(b) motion is a second or successive § 2255 motion "if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding." *In re Pickard,* 681 F.3d 1201, 1206 (10th Cir. 2012); *see also United States v. Harrison*, 382 F. App'x 678, 680 (10th Cir. 2010) ("Although *Gonzalez* dealt with § 2254 applications for relief, we have applied its analysis to § 2255 motions."). An example is "a motion 'seek[ing] vindication of' a habeas claim by challenging the habeas court's previous ruling on the merits of that claim." *Spitznas v. Boone*, 464 F.3d at 1216 (citing *Gonzalez v. Crosby*, 545

U.S. at 531). Determination of the nature of a motion rests primarily on the motion's substance and the relief sought by the Defendant. *See United States v. Baker*, 718 F.3d 1204, 1207-08 (10th Cir. 2013).

On its face, Defendant's 60(b) motion has elements of both a "true" 60(b) motion and a second or successive § 2255 motion. He contends that the Court actually ignored his claim that the sentence violated the plea and "effectively" ignored his other two claims, and thus his motion is not a second or successive § 2255 motion but, rather, a "true" rule 60(b) motion. On review of the earlier disposition (CV Docs. 7, 8, 9; CR Docs. 70, 71, 72), the Court concludes otherwise. In his § 2255 motion, Defendant's claim of involuntary plea was based on the allegation that the Court imposed a sentence in excess of the terms in the plea without allowing Defendant to withdraw his plea. The Magistrate Judge found, correctly, that "the sentence imposed is clearly as stipulated in the Plea Agreement and this ground is without merit." (PFRD at 2.) The Court thus ruled on the substance of both the first and second § 2255 claims.

In his claim of ineffective assistance of counsel (Ground Three), Defendant alleged that his attorneys did not allow him to see documents produced in discovery. He had, however, seen the discovery by time he filed his motion, but "does not state what this discovery revealed." (PFRD at 3.) The Court considered and rejected this claim as conclusory with no "supporting factual averments." (PFRD at 3.) Defendant's 60(b) motion simply disagrees with the Court's reasons for rejecting this claim.

The 60(b) motion therefore constitutes, at least in part, a second or successive § 2255 motion that the Court may not adjudicate without authorization from the Court of Appeals for the Tenth Circuit. *See* § 2255(h). The Court must transfer Defendant's motion to the Court of Appeals for the Tenth Circuit as a second or successive § 2255 motion or dismiss it for lack of

jurisdiction.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (applying factors in *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006), in deciding whether to transfer or dismiss a second or successive motion).  Given the liberal construction that the Court must afford Defendant's allegations, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), reasonable jurists could disagree as to whether Defendant's allegations of failure to rule on all of his § 2255 claims "are likely to have merit." *Trujillo*, 465 F.3d at 1223 n. 16.  On consideration of the *Trujillo* factors, the Court will therefore transfer the matter to the Court of Appeals for the Tenth Circuit.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Production of Documents (CR Doc. 77) filed on July 12, 2012, is DENIED; and the Clerk is directed to transfer Defendant's Motion for Relief from Void Judgment (CV Doc. 10; CR Doc. 79) filed on July 28, 2014, to the United States Court of Appeals for the Tenth Circuit.

_____
UNITED STATES DISTRICT JUDGE